■ In the Matter of LESLIE B. PERES, Petitioner, v LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated January 17, 1975, which, after a hearing, found petitioner guilty of two specifications, refusing to obey the order of a superior officer and acting in a manner unbecoming to a police officer, and fined him a total of 15 days' pay. Petition granted, determination annulled, on the law, and charges dismissed, with $20 costs and disbursements. Following a disciplinary hearing, petitioner, a patrolman in the Nassau County Police Department, was found guilty of having failed to properly obey a lawful order of a superior officer. He had refused to comply with a directive of a captain of the Nassau County Police Department to bring an individual, who had been involved in a car accident, to the central testing unit for a chemical test. It was also found that, as a result of petitioner's refusal to obey said order, an unnecessary delay occurred which caused the blood alcohol content of the person who was to be tested to dissipate, negating its use as a legal chemical test. At about 1:30 A.M. on July 21, 1974 an automobile operated by one James Hope struck the private automobile of Captain Tracy Smith, which was parked outside of the captain's home. Smith was asleep inside his house at the time. No one was hurt in the accident and there was only minor

property damage. Petitioner was notified over his police car radio to respond to the accident scene. When he arrived, Captain Smith ordered him to take Hope to the central testing unit for chemical testing. Petitioner refused, stating that Hope did not appear to be intoxicated. In the instant matter, Captain Smith, who was off duty when he gave the order in question, had a personal interest in having Hope tested. Under the circumstances, we do not think that petitioner, who did not believe that Hope was intoxicated, acted improperly in refusing to take him in for testing. Martuscello, Acting P. J., Margett and Shapiro, JJ., concur; Latham and Brennan, JJ., dissent and vote to confirm the determination and dismiss the petition, with the following memorandum: We find that the determination of petitioner's guilt was based upon substantial evidence and that the punishment imposed was not excessive.